IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY FOGLE                          *

    Plaintiff,                         *

v.                                     *       Civil No. TJS-17-1714

CORRECT RX PHARMACY                    *
SERVICES, INC.,
                                       *
    Defendant.
                    *    *    *    *    *    *

**MEMORANDUM OPINION**

Pending before the Court is Defendant Correct Rx Pharmacy Services, Inc.'s ("Correct Rx") Motion for Summary Judgment ("Motion") (ECF No. 61).[1] Plaintiff Anthony Fogle ("Mr. Fogle") did not file a response to the Motion and the time for doing so has passed.[2] *See* Loc. R. 105.2. I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the reasons set forth below, the Motion will be granted.

**I.    PROCEDURAL HISTORY**

Mr. Fogle filed his Complaint under the Civil Rights Act, 42 U.S.C. § 1983, on June 22, 2017. (ECF No. 1.) In the Complaint, Mr. Fogle alleges that Correct Rx violated the Eighth

---

[1] This case was referred to me for all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) by consent of the parties. (ECF No. 36.)

[2] Mr. Fogle was served with a copy of the Motion, but he did not file a response. (*See* ECF No. 61 at 2.) On July 19, 2019, Mr. Fogle filed a document titled "Consent Motion to Use [] Depositions in Court Proceedings" (ECF No. 63). In that document, Mr. Fogle "request[s] the admission of statements made by [Correct Rx's] prior attorney Michele R. Kendus," which he contends "contradict the newest claims raised," are "[i]mpeaching evidence from the same party," and are relevant to "discrepancies in records." (*Id.* at 1.) In response, Correct Rx notes that it did not consent to Mr. Fogle's filing, that no depositions were taken in this case, and that "[c]ounsel's argument from a prior motion" is not evidence that is admissible to refute the pending motion for summary judgment. (ECF No. 65.) For the reasons set forth in Correct Rx's opposition, Mr. Fogle's motion (ECF No. 63) is **DENIED**.

Amendment to the United States Constitution by failing to fill his prescription for Nasacort, a medicated nasal spray, resulting in migraine headaches over a period of approximately 50 days. (*Id.* at 3.) The Court appointed pro bono counsel to represent Mr. Fogle on September 4, 2018 (ECF No. 28) and entered a scheduling order (ECF No. 33) on September 25, 2018 to allow for the parties to conduct discovery.³ Correct Rx filed its Motion on July 2, 2019.

## II. UNDISPUTED FACTS

At all times relevant to the Complaint, Mr. Fogle was an inmate serving a sentence at the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland. (ECF No. 1.) RCI is operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS"). Correct Rx "is a private corporation licensed as an institutional pharmacy and distributor by the Maryland Board of Pharmacy."⁴ (ECF No. 61-2 ¶ 6.) Under its agreement with DPSCS, Correct Rx is "contracted to fill medication requests for RCI," but it is not a medical provider. (*Id.* ¶¶ 7-8.) Instead, Correct Rx processes medication requests submitted by medical providers at RCI. (*Id.* ¶ 9.) When medical providers at RCI determine that a medication is appropriate, they submit a medication request to Correct Rx. (*Id.*) When Correct Rx receives a valid medication request, it processes the request for shipment to the appropriate correctional facility. (*Id.* ¶ 11.) Medications are shipped to the medical provider at the correctional facility so that they may "distributed to the inmate as deemed appropriate by the medical provider." (*Id.* ¶ 12.)

---

³ At the joint request of Mr. Fogle and his pro bono counsel, the Court granted appointed counsel's motion to withdraw as counsel on June 26, 2019. (ECF Nos. 57 & 58.)

⁴ In support of its Motion, Correct Rx relies on the Declaration of Valerie D. Barnes, PharmD, MS, BCPS (ECF No. 61-2). Because Mr. Fogle did not submit a response to the Motion, the matters set forth in this declaration are undisputed.

Mr. Fogle was prescribed Nasacort OTC ("Nasacort") at RCI.[5] According to Correct Rx's prescription fill record report for Mr. Fogle, Correct Rx received a Nasacort order for Mr. Fogle on September 4, 2015. (*Id.* ¶ 13.) Correct Rx filled the Nasacort order and shipped it to RCI on the same day. (*Id.*) On October 2, 2015, Correct Rx received an expired refill request for Nasacort. (*Id.*) Because the order was expired, Correct Rx did not fill the order, but instead reported to RCI that the request was not filled because the request was expired. (*Id.*) On November 10, November 24, and December 8, 2015, Correct Rx received valid orders for Nasacort for Mr. Fogle, which it filled and shipped to RCI on the same day that each order was received. (*Id.*) There is no dispute that Correct Rx filled every valid prescription order that it received for Mr. Fogle from the medical providers at RCI during the relevant time. (*See id.* ¶¶ 15-16.) Other than having filled prescriptions for Mr. Fogle, Correct Rx was not involved with Mr. Fogle's medical care and had no knowledge of the course of his medical treatment. (*Id.* ¶¶ 16-17.)

## III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere

---

[5] "OTC means the medication is an over-the-counter medication." (ECF No. 61-2 at 3 n. 1.) At RCI, "OTC medications cannot be dispensed without a request from a medical provider." (*Id.*)

existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

Although Correct Rx's Motion is unopposed, the Court must still thoroughly review the Motion to determine if Correct Rx is entitled to judgment as a matter of law. *Robinson v. Wix Filtration Corp.,* 599 F.3d 403, 409 n.8 (4th Cir. 2010) ("[I]n considering a motion for summary judgment, the district court '*must* review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'") (quoting *Custer v. Pan Am. Life Ins. Co.,* 12 F.3d 410, 416 (4th Cir. 1993)) (emphasis in original).

## IV. DISCUSSION

"Under the Eighth Amendment, prisoners have the right to receive adequate medical care while incarcerated." *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018). A prison official's "deliberate indifference" to an inmate's serious medical needs is a constitutional violation under the Eighth Amendment. *Id.* To prevail on a claim for deliberate indifference to serious medical needs under 42 U.S.C. § 1983, "a prisoner must show that he had a serious medical need, and

that officials knowingly disregarded that need and the substantial risk it posed." *Id.* A "serious medical need" is "a condition diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (internal quotation marks omitted). A prison official "acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks, but nevertheless disregarded them." *Id.* Deliberate indifference is an "exacting standard." *Hendrick v. Wexford Health Sources, Inc.*, 141 F. Supp. 3d 393, 402 (D. Md. 2015). It requires more than a showing of "mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.* (quoting *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014)). "To constitute deliberate indifference to a serious medical need, the defendant's actions 'must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* (quoting *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (recognized in *Sharpe v. S. Carolina Dep't of Corr.*, No. 14-7582, 2015 WL 1500680, at *1 (4th Cir. Apr. 3, 2015) as overruled on other grounds by *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))).

Section 1983 allows individuals to sue in federal court any person who violates their federally protected rights while acting under the color of law. *Id.* at 400. Private companies that employ individuals acting under color of state law who allegedly commit unlawful acts "are liable under § 1983 only when an official policy or custom of the [company] causes the alleged deprivation of federal rights." *Id.* at 401 (internal citations, quotation marks, and emphasis omitted); *see also Rodriguez v. Smithfield Packing Co.*, 338 F.3d 348, 355 (4th Cir. 2003).

In its Motion, Correct Rx presents two arguments. First, it argues that it is entitled to summary judgment on Mr. Fogle's claim because "there is no evidence that Correct Rx or its

5

employees acted improperly or failed to act in a way to cause the alleged deprivation of Mr. Fogle's medication." (ECF No. 61-1 at 3-6.) Second, it argues that because Mr. Fogle did not designate an expert witness, he "cannot establish a causal link between his alleged medical condition and the action or inaction of Correct Rx." (*Id.* at 7.)

The Court will assume that Mr. Fogle's need for Nasacort amounts to a serious medical need. But there is no evidence that RCI's alleged failure to provide Mr. Fogle with Nasacort was the fault of Correct Rx. Correct Rx has submitted uncontroverted evidence that it filled every valid order for Nasacort and that it (and its employees) otherwise had no knowledge of Mr. Fogle's medical condition. It may well be that a medical provider at RCI is to blame for submitting an expired Nasacort order to Correct Rx on October 2, 2015 (*see* ECF No. 61-1 at 6), but the blame for this conduct cannot be imputed to Correct Rx. Further, Mr. Fogle has failed to identify any specific employee at Correct Rx who was deliberately indifferent to his serious medical need or produce any evidence supporting such a contention. Finally, there is no evidence that Correct Rx had a custom or practice to decline to fill valid requests for over-the-counter medications. In fact, there is uncontroverted evidence that Correct Rx's practice was just the opposite. As set forth in Dr. Barnes's declaration, it was Correct Rx's practice to fill "every valid order received . . . and deliver[] those filled orders to RCI per contract terms." (ECF No. 61-2 ¶15.) Correct Rx did just that in this case.

The evidence submitted by Correct Rx, which is not in dispute, demonstrates that it was not deliberately indifferent to Mr. Fogle's serious medical need. Correct Rx's decision not to fill the expired Nasacort medication request was not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. And Mr. Fogle has not shown that Correct Rx purposefully hindered his medical

care or acted indifferently towards him under the Eighth Amendment in any other way. As such, Mr. Fogle has failed to meet the "exacting standard" for a deliberate indifference claim under the Eighth Amendment. Because there is no genuine dispute as to any material fact and Correct Rx has shown that it is entitled to judgment as a matter of law, Correct Rx's Motion must be granted.

Having concluded that Correct Rx is entitled to summary judgment on Mr. Fogle's claim, I decline to address Correct Rx's second argument regarding Mr. Fogle's decision not to designate an expert.

**V.  CONCLUSION**

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 61) is **GRANTED**. The Clerk is directed to **CLOSE** the case. A separate order follows.


September 4, 2019                                          /s/
Date                                                         Timothy J. Sullivan
                                                               United States Magistrate Judge